Filed 11/28/22 P. v. Larrea CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MILANI CALBERTA LARREA, <br><br> Defendant and Appellant. | F081268 <br><br> (Super. Ct. No. BF131238A) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County. John W. Lua, Judge.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Poochigian, Acting P. J., Peña, J. and DeSantos, J.

**INTRODUCTION**

In 2012, a jury convicted defendant Milani Calberta Larrea of first degree murder and residential robbery and found true a felony-murder-robbery special-circumstance allegation pursuant to Penal Code section 190.2, subd. (a)(17)(A). (Undesignated statutory references are to the Penal Code.) After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant petitioned for resentencing. The People opposed the petition. The court denied the petition, concluding defendant had not established a prima facie showing she was eligible for relief in light of the true finding on the special circumstance allegation and because the record established she was the actual killer. Defendant appeals from the court's denial of her petition. She asserts her petition was facially sufficient to establish a prima facie case for relief, and the court erred in considering the record of conviction in ruling on whether a prima facie showing was made. She further contends the record of conviction did not establish she was categorically ineligible for relief.

We previously affirmed the court's order in an unpublished opinion, concluding the record established defendant was ineligible for resentencing as a matter of law based on the true finding on the special circumstance allegation. Defendant petitioned for review. The California Supreme Court granted and held the petition and deferred action pending its consideration and disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). It then transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of *Strong*.

We now reverse the court's order and remand the matter for the court to issue an order to show cause and to hold further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

In 2012, a jury convicted defendant of first degree murder (§ 187; count 1) with a special circumstance that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subdivision (a)(17)(A)); and residential robbery

2.

(§ 212.5, subd. (a); count 2).  The court sentenced defendant to life imprisonment without the possibility of parole.  Our court affirmed defendant's convictions in an unpublished opinion.  (*People v. Larrea* (Nov. 14, 2014, F066300) [2014 Cal.App.Unpub. Lexis 8145; 2014 WL 6298334].)

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95, hereafter section 1172.6,[1] using a preprinted form.  She checked boxes stating that a charging document had been filed against her allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, she was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and she could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437).  She also checked a box indicating she was convicted of first degree murder but could not now be convicted because she was not the actual killer, she did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and she was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony.  She also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."  The court appointed defendant counsel and the parties proceeded to file briefing.

In their response, the People moved to dismiss the petition, arguing Senate Bill 1437 is unconstitutional.  They also filed a separate response arguing the petition failed on the merits because the jury's verdict, including the true finding on the special circumstance allegation, rendered defendant ineligible for relief.  The People argued defendant was a major participant who acted with reckless indifference and she was an

---

[1]Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  For purposes of clarity, we refer to the statute as section 1172.6.

actual killer based on the language in our appellate opinion from her direct appeal, which concluded substantial evidence supported a conclusion defendant proximately caused the victim's death. The court denied the People's motion to dismiss, concluding Senate Bill 1437 is constitutional.

The court set the petition for a hearing and, after hearing arguments from counsel, the court held defendant was ineligible for relief. It noted it considered the record of conviction, including the charging document, jury instructions, verdict form, and this court's opinion on direct appeal. It held those records established defendant was convicted of robbery and first degree murder with the special circumstance that the murder was committed during the course of a robbery. It explained, to render a true finding on the special circumstance, the jury had to conclude defendant was a major participant in the robbery and, when she committed the crime, she acted with reckless indifference to human life. The court stated, "These are factual findings the jury had to have made based on the evidence presented at the trial." Accordingly, the court stated it would accept those findings previously made by the jury. The court further stated:

> "Based on the evidence presented at the trial and specifically referring to the appellate opinion so as not to weigh or determine credibility, but only to understand the issues raised on appeal, there was evidence to support the proposition that the defendant was an actual killer in this case and that her actions proximately caused the victim's death. Her conduct, it was found, led to and became a substantial factor of the victim's death. As an actual killer, [defendant] would likewise be ineligible for relief under … Section [1172.6].

> "It is for those reasons, therefore, that this Court is going to find [defendant] is ineligible for the relief sought and her petition, therefore, is dismissed."

## DISCUSSION

### I. Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the

4.

natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1172.6, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and

5.

acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1172.6, which provides a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1172.6 (formerly § 1170.95) permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of this section to expand the scope of the petitioning procedure, in part, by expressly permitting persons convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.) Under the amended statute, an offender may file a petition under section 1172.6 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

Upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).) "After the parties

6.

have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

## II.    Analysis

Defendant contends the trial court erred by consulting the record of conviction, which was not to be considered at the prima facie showing stage. Alternatively, she argues even "if the record of conviction may be consulted, only matters necessarily adjudicated by the trial or appeal may be consulted." She asserts the recital of evidence in an appellate court opinion may not be used as a basis for the court to deny a facially sufficient petition and that nothing in the record rendered her ineligible for relief as a matter of law. She further argues the conclusion in our court's prior opinion that there was sufficient evidence to support the jury's conclusion defendant aided in the binding of the victim and that her acts proximately caused the victim's death did not establish she was the actual killer as a matter of law. Defendant further contends the special circumstance finding did not render her ineligible for resentencing as a matter of law. In support, she relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after defendant's conviction. She argues these decisions by the California Supreme Court "significantly narrowed" what it means

to be a major participant who acted with reckless indifference, and the jury's true findings were "not guided by these refinements because they did not exist" at the time of her trial. She asserts "[a] true finding under the old standards is not a finding under the new standards." Initially, the People conceded the record of conviction did not establish defendant was an actual killer as a matter of law. But they asserted the jury's special circumstance finding rendered defendant categorically ineligible for relief. However, they now agree, in light of *Strong*, reversal of the court's order and further proceedings are appropriate.

In *Strong*, *supra*, Cal.5th 698, the California Supreme Court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *Clark*, *supra*, 63 Cal.4th 522 and *Banks*, *supra*, 61 Cal.4th 788 does not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[2] (*Strong*, at p. 703.) In light of *Strong*, we advised the parties of our intention to reverse and remand this matter for the trial court to issue an order to show cause and to hold further proceedings as provided for in section 1172.6. We afforded the parties an opportunity to file objections to this proposed disposition. The People responded that they had no objection to the proposed disposition and defendant did not respond or object to the proposed disposition.

Because the special circumstance finding here was made before *Banks* and *Clark*, it is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. And the People have presented no other basis to deny the petition at the prima facie stage. So, the order denying the petition must be reversed and the matter remanded with directions for the trial court to issue an order to

---

[2] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and … to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706–707.)

show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded with directions for the trial court to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).